UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS LOPEZ,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF IMPERIAL, et al.,<br><br>        Defendants. | Civil No.13-0597-BEN(WVG)<br><br>ORDER GRANTING DEFENDANTS' *EX PARTE* MOTION COMPELLING INDEPENDENT MEDICAL EXAMINATIONS OF PLAINTIFF (DOC. NO. 19) |

    Defendants have filed an *Ex Parte* Motion Compelling Independent Medical Examinations ("IMEs") of Plaintiff ("Motion"). Plaintiff has filed an Opposition to Defendants' Motion. Defendants have filed a Reply to Plaintiff's Opposition and a Supplemental Brief. The Court, having reviewed the moving, opposition, reply and supplemental papers of counsel, and the record in this case, HEREBY GRANTS Defendants' Motion.

    A.  BACKGROUND

    On December 12, 2012, Plaintiff filed his Complaint in the Imperial County Superior Court. On March 14, 2013,

Defendants removed the case to this Court. The Complaint contains, *inter alia*, allegations regarding the damages suffered by Plaintiff as a result of the incident described in the Complaint. The damages alleged in the Complaint stem from (a) a severe concussion; (b) torn ligaments in Plaintiff's knees and forearm; (c) severe burns from mace or pepper spray; and (d) Plaintiff may need surgery on his knee and removal of a testicle. (Complaint at 4, para. XII).

On July 1, 2013, the Court issued a Case Management Conference Order Regulating Discovery ("CMC Order"). The CMC Order states, in pertinent part, that (a) on or before December 20, 2013, all fact discovery shall be completed; (b) on or before January 24, 2014, the parties shall exchange a list of all expert witnesses to be called at trial; (c) any party may supplement its expert designation by February 7, 2014; (d) designated expert witnesses shall provide to all other parties their expert witness reports by March 7, 2014; and (e) designated expert witnesses may supplement their expert reports to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party, by April 4, 2014.

On June 14, 2013, Defendants received Plaintiff's medical records which presumably supported[1] Plaintiff's

---

[1] Defendants do not inform the Court about the contents of the medical records received.

allegations regarding the injuries Plaintiff sustained as a result of the incident described in the Complaint.

On December 3, 2013, Defendants took Plaintiff's deposition. At the deposition, Plaintiff testified regarding his injuries. His testimony included that he suffers from (a) neck, back and leg pain; (b) testicle pain; (c) memory loss; (d) headaches; and (e) jaw pain.

On December 13, 2013, Plaintiffs and Defendants filed a Joint Motion For Continuance of Discovery Dates. On December 17, 2013, the Court issued an Order Granting In Part And Denying In Part the Joint Motion. In the Order, the Court quoted from paragraph 5 of the CMC Order issued in this case, which clearly states:

> ... all discovery under **Rules 30-36** of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the (discovery) cut-off date, *so that it may be completed* by the cut-off date, taking into account the times for services, notice and response as set forth in the Federal Rules of Civil Procedure. (emphasis added).

The Order also allowed further discovery to be conducted, but limited that discovery "to only that reasonably raised by Plaintiff's deposition." ("December 17, 2013 Order," at 3). The Order extended the discovery cut-off date to January 20, 2014 for the above-noted discovery.

Defendants now seek the IMEs of Plaintiff by a neurosurgeon, orthopedist, dentist/oral surgeon[2], and

---

[2] On December 27, 2013, Plaintiff's counsel agreed to allow Defendants to conduct an IME by a dentist. Therefore, the Court will not address the propriety of that IME in this Order.

1 urologist. Defendants argue that at Plaintiff's December
2 3, 2013 deposition, they became aware of Plaintiff's
3 continuing complaints of (a) neck, back and leg pain; (b)
4 testicle pain; (c) memory loss; (d) headaches; and (e) jaw
5 pain. Plaintiff opposes the IMEs as requested by Defen-
6 dants because the sought IMEs are not follow-up to discov-
7 ery on issues raised in Plaintiff's deposition.

   B. FEDERAL RULE OF CIVIL PROCEDURE 35

9   Federal Rule of Civil Procedure 35 authorizes a
10 court to "order a party whose... physical condition... is
11 in controversy to submit to a physical... examination by
12 a suitably licensed or certified examiner." Fed. R. Civ.
13 P. 35(a)(1). However, the order "may be made only on a
14 motion for good cause." Fed.R. Civ. P. 35(a)(2)(A). These
15 requirements necessitate "an affirmative showing by the
16 movant that each condition as to which the examination is
17 sought is really and genuinely in controversy and that
18 good cause exists for ordering each particular examina-
19 tion." Juarez v. Autozone Stores, Inc., 2011 WL 1532070 at
20 *1 (S.D. Cal. 2011), citing Schlagenhauf v. Holder, 379
21 U.S. 104, 118 (1964).

22   Factors that courts have considered in assessing
23 whether "good cause" exists include, but are not limited
24 to, "the possibility of obtaining the desired information
25 by other means, whether Plaintiff plans to prove (his)
26 claim through the testimony of expert witnesses, whether
27 Plaintiff is claiming ongoing (injury)." Juarez, supra at
28 *1, citing Impey v. Office Depot, Inc., 2010 WL 2985071 at

*21 (N.D. Cal. 2010), Turner v. Imperial Stores, 161 F.R.D. 89, 97-98 (S.D. Cal. 1995).

     Fed. R. Civ. P. 35 does not specify a deadline for conducting an IME. Guitron v. Wells Fargo Bank, 2011 WL 6012595 at *1 (N.D. Cal. 2011). Some courts do not categorize Rule 35 examinations as either "non-expert" or "expert" discovery. Lester v. Mineta, 2006 WL 3741949 at *1-2 (N.D. Cal. 2006). However, some courts have found that Fed.R.Civ. P. 26(a)(2) requires that the IME report be produced at the time of expert witness disclosures, meaning that an IME must occur before expert witness disclosures. Miksis v. Howard, 106 F.3d 754, 758 (7th Cir. 1997). But in Minnard v Rotech Health, Inc., 2008 WL 150502 at *2-3 (E.D. CA 2008), the court determined that an IME report is an expert witness report because the examining expert would not merely recite the objective results of the examination, but would interpret the results and offer conclusions and opinions for the trier of fact. Minnard has been followed by Silva v. Mercado Food Enterprise, Inc., 2012 WL 174926 at *5 (E.D. CA 2012).

     The law in this area does not appear to be well settled. Whether IMEs are fact or expert witness discovery certainly could influence the outcome of this dispute. Perhaps IMEs are best described as hybrid, both fact and expert witness discovery, depending on which view one finds most persuasive. One view of Rule 35 is that IME examiners are "experts employed only for trial prepara-

tion," pursuant to Fed. R. Civ. P. 26(b)(4)(B). As such, a court will typically allow an examinee to depose or call a Rule 35 IME examiner as a witness on a showing of "exceptional circumstances." <u>Lehan v. Ambassador Programs, Inc.</u>, 190 F.R.D. 670, 671-672 (E.D. WA 2000); <u>Carroll v. Praxair, Inc.</u>, 2007 WL 437697 at *2 (W.D. LA 2007). Of course, Rule 35 IMEs often arise in the context of developing expert testimony for trial with the expert witnesses then subject to the discovery obligations of Rules 26 and 30.

As discussed later in footnote 3 of this Order, clearly the parties, and especially Defendants, were dilatory in not moving for IMEs before now, notwithstanding that Plaintiff has just recently been deposed. Defendants had sufficient information available to them from the Complaint alone and from Plaintiff's medical records they obtained during discovery, to give them ample reason and sufficient justification to seek Rule 35 IMEs before now during fact discovery. Fortunately for Defendants, given the lack of clarity as to whether IMEs are relegated to fact discovery or cross over into expert discovery, the Court will give the benefit of the doubt to Defendants, especially in light of the delay in deposing Plaintiff.

Accordingly, the Court tends to agree with <u>Minnard</u> and <u>Silva</u>. If the IME examiner will offer opinions and conclusions regarding the objective facts derived from an examination, the IME and the report produced by the IME examiner is expert discovery, not fact discovery. There-

fore, the timing of a motion for an IME is dictated by the terms of the scheduling order regarding expert witness discovery, as set forth in the case.

Here, the CMC Order issued in this case states that Plaintiff and Defendants have until January 24, 2014 to designate expert witnesses to be called at trial. Therefore, Defendant's Motion To Compel the requested IMEs is timely.

### C. GOOD CAUSE EXISTS TO ORDER THE IMES REQUESTED BY DEFENDANTS

As previously noted in this Order, Plaintiff testified at his deposition that he continues to suffer from (a) neck, back and leg pain; (b) testicle pain; (c) memory loss; (d) headaches; and (e) jaw pain. Defendants seek IMEs by a neurosurgeon (presumably to examine Plaintiff and offer a report and testimony regarding Plaintiff's concussion, memory loss and headaches), an orthopedist (presumably to examine Plaintiff and offer a report and testimony regarding Plaintiff's neck, back, knee, and leg pain), and a urologist (presumably to examine Plaintiff and offer a report and testimony regarding Plaintiff's testicle pain).

#### 1. Good Cause Factors

The Court must find good cause to order the IMEs requested by Defendants. Therefore, the Court analyzes below the factors commonly used to find good cause:

##### a. The possibility of obtaining the information by other means

Here, there is no possibility that Defendants can obtain the information, opinions and conclusions of an

expert witness pursuant to Rule 35 in any other way, but to have Plaintiff submit to the IMEs. Defendants are not required to simply rely on Plaintiff's expert witnesses regarding Plaintiff's injuries and the damages he suffered therefrom. Therefore, this factor weighs in favor of Defendants.

### b. Whether Plaintiff intends to prove his claims of injuries sustained through the testimony of expert witnesses

At this time, the Court can not conclude that Plaintiff intends to prove his sustained injuries through the testimony of expert witnesses. As previously noted in this Order, Plaintiff's and Defendants' expert witness disclosures have been ordered to be made on January 24, 2014. The Court notes that if Plaintiff does not designate an expert witness to testify about one or some of his alleged injuries, an IME regarding that alleged injury may not be necessary or required. As a result, this factor does not weigh in favor of Plaintiff or Defendants.

### c. Whether the desired materials are relevant

Plaintiff claims numerous injuries that resulted from the incident described in the Complaint. The alleged injuries serve as the basis for Plaintiff's claimed damages. There can be little dispute that the information, opinions, and conclusions pertaining to Plaintiff's alleged injuries that will be presented after the requested IMEs are relevant to Plaintiff's claims in this action. Therefore, this factor weighs in favor of Defendants.

                    d. <u>Whether Plaintiff claims ongoing injuries</u>

As previously noted in this Order, Plaintiff testified at his December 3, 2013 deposition that he continues to suffer from numerous injuries sustained in the incident described in the Complaint. Therefore, this factor weighs in favor of Defendants.

The analysis of the factors noted above show, and the Court finds, that good cause exists to order the IMEs as requested by Defendants. Plaintiff's Ex Parte Motion Compelling Independent Medical Examinations of Plaintiff is GRANTED. The IMEs requested by Defendants shall be scheduled immediately and shall comply with the require-

1 | ments of Fed. R. Civ. P. 35.[3/]

2 |     IT IS SO ORDERED.

DATED:  January 21, 2014

                                          Hon. William V. Gallo
                                          U.S. Magistrate Judge

---

[3/] The Court notes that Defendants' Motion, Plaintiff's Opposition and Defendants' Reply are severely lacking in the analysis of whether Plaintiff's Motion was timely filed, whether IMEs are subject to the fact discovery cut-off or the expert witness discovery cut-off, and whether good cause exists for the Court to order the IMEs requested by Defendants. As previously noted in the December 17, 2013 Order of this Court, it appears that Plaintiff and Defendants have not been diligent in pursuing and defending this action.

    As soon as Defendants were served with Plaintiff's Complaint, they were aware that some of Plaintiff's alleged damages stemmed from orthopedic and testicular injuries. Yet, Defendants waited until December 3, 2013, almost one year after the Complaint was filed, to take Plaintiff's deposition at which they confirmed that Plaintiff's injuries were ongoing. The Court has not been made fully aware of how long Plaintiff's deposition was delayed due to his health problems. However, had Defendants taken Plaintiff's deposition earlier in this litigation, they would have learned about Plaintiff's other alleged injuries. Instead, they waited until approximately three weeks before the fact discovery cut-off to learn about Plaintiff's other alleged injuries, and to seek IMEs of Plaintiff, without analyzing whether an IME is fact or expert witness discovery, thereby believing that they needed to file an ex parte motion to compel the requested IMEs.

    Despite the court's warning in the December 17, 2013 Order that the parties immediately begin discovery to follow-up on Plaintiff's December 3, 2013 deposition, Plaintiff requested that Defendants not file their motion to compel the IMEs for at least one week, thereby further delaying the resolution of their dispute.

    The recalcitrant behavior displayed by counsel in this case as noted above, will no longer be countenanced by the Court.